```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | |
|---|---|
| JEROME LEMON, | |
| Petitioner, | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | CIVIL ACTION NO.<br>1:11-cv-0933-JEC |
| MARTY ALLEN, Warden, | **MAGISTRATE BRILL** |
| Respondent. | |

### O R D E R  &  O P I N I O N

This action is before the Court on petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 [1], Magistrate Judge Brill's Report and Recommendation ("R&R") [6] recommending that the Court **DENY** the petition, and petitioner's Objections to the R&R [7]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, *de novo* review of Judge Brill's legal conclusions and to those portions of the R&R to which petitioner objected. The Court has reviewed the remainder of the R&R for clear error. For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [6] and **DENIES** the Petition for Habeas Corpus [1].

### BACKGROUND

Judge Brill thoroughly and accurately summarized the procedural history and factual background of this habeas petition, and the Court **ACCEPTS** and **ADOPTS** her detailed description of the facts surrounding

AO 72A
(Rev.8/82)

petitioner's crime and convictions.[1]  (R&R [6] at 2-6.)  Briefly, petitioner was convicted of armed robbery and aggravated assault following a jury trial in the Cobb County Superior Court in September, 2006. (*Id.* at 2.)  The convictions were based on evidence that petitioner, during an altercation with two acquaintances in April, 2006, pulled a knife on the two men and demanded their cell phones.  (*Id*. at 5-6.)  The trial court sentenced petitioner to a twenty year "split" sentence, with ten years to serve in prison and the balance to be served on probation.  (*Id.* at 2.)

Petitioner appealed his convictions and sentence to the Georgia Court of Appeals.  (*Id.*)  Among his asserted grounds for appeal, petitioner argued that: (1) the state exercised its peremptory strikes in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986) and (2) the trial court erred when it failed to charge the jury on self-defense.  (R&R [6] at 2.)  The Georgia Court of Appeals found petitioner's claims to be without merit and affirmed his convictions and sentence.  (*Id.* at 3.)

Petitioner subsequently filed a state habeas corpus petition in the Washington County Superior Court.  (*Id.*)  Among his asserted grounds for relief, petitioner argued that: (1) counsel was ineffective in failing to properly present the self-defense issue,

---

[1]   Neither party objected to Judge Brill's statement of the procedural history and factual background.

2

(2) trial counsel was ineffective for failing to demand that the prosecutor immediately disclose race-neutral reasons for dismissing black jurors in response to a *Batson* challenge and appellate counsel was ineffective for failing to challenge this issue on appeal, and (3) counsel was ineffective for failing to argue for sentencing under the rule of lenity where the evidence presented at trial would fit both armed robbery and interfering with calls for emergency assistance. (*Id.* at 3-4.) Following an evidentiary hearing, the state habeas court denied petitioner's requested relief by written order. (*Id.* at 4.)

Petitioner then filed this federal habeas corpus petition asserting three grounds for relief: (1) *Batson* requires that race-neutral reasons for striking potential jurors be placed on the record at the time of the *Batson* challenge and counsel was ineffective for failing to raise the *Batson* issue at trial and on appeal, (2) counsel was ineffective for failing to raise the self-defense issue at trial and on appeal, and (3) counsel was ineffective for failing to argue for application of the rule of lenity at trial and on appeal. (R&R [6] at 4-5.) Judge Brill rejected each asserted ground for relief and recommended denying the habeas petition. (*Id.* at 9-26.) Petitioner filed timely objections to the R&R, in which he objected to Judge Brill's conclusions as to his *Batson* claims and self-defense argument. (Pet'r's Obj. [7] at 2-10.) Petitioner specifically

3

waived any further review of the rule of lenity argument raised in his third asserted ground for relief. (*Id.* at 10.)

## DISCUSSION

### I. APPLICABLE STANDARD

Judge Brill applied the correct standard of review to petitioner's claims. (R&R [6] at 6-8.) The Georgia Court of Appeals and the state habeas court rejected all of petitioner's claims on the merits. (*Id.* at 3-4.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a highly deferential standard for reviewing such state court rulings. *Terrell v. GDCP Warden*, ___ F.3d ___, 2014 WL 930862, at *3 (11th Cir. 2014). Specifically, the AEDPA only authorizes federal habeas relief when a state court decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'" or when the decision was "'based on an unreasonable determination of the facts in light of the evidence presented.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

In this context, a decision is "contrary to" federal law when it contradicts the governing rule set forth by the United States Supreme Court, or when it arrives at a different result than Supreme Court precedent when faced with materially indistinguishable facts. *Id.*, at *4 (citing *Kimbrough v. Sec'y, Dep't of Corr.*, 565 F.3d 796, 799 (11th Cir. 2009)). An "unreasonable application" of clearly

4

established federal law occurs when "the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case." *Id.* (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The Eleventh Circuit has emphasized the difference between an "unreasonable" and an "incorrect" application of federal law. *Id.* As the Circuit Court explained in *Terrell,* even a "strong case for relief" does not necessarily mean that the state court's contrary conclusion was "unreasonable." *Terrell,* 2014 WL 930862, at *4 (quoting *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011)). *See also Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011)(federal habeas relief is not available if "some fairminded jurists could agree with the state court's decision").

## II.   **PETITIONER'S *BATSON* CLAIMS**

In Ground One, petitioner asserts several claims based on the Supreme Court's decision in *Batson v. Kentucky,* 476 U.S. 79 (1986). First, petitioner contends that the trial court unreasonably applied *Batson* when it failed to consider and put the prosecutor's race-neutral reasons for his allegedly discriminatory strikes on the record at the time of the *Batson* challenge. (R&R [6] at 4.) Petitioner also argues that the trial court erred in placing those reasons on the record four months later at a motion for new trial hearing. (*Id.*) Finally, petitioner claims that counsel was

5

ineffective for failing to raise the *Batson* timing issue at trial and on appeal. (*Id*.) The Court agrees with Judge Brill that none of these claims warrant federal habeas relief.

**A.   *Batson* Claims**

The Georgia Court of Appeals considered petitioner's first two *Batson* claims on his direct appeal of the convictions. (*Id*. at 10-12.) The Court of Appeals noted in its decision that, although voir dire was not recorded, the parties stipulated that five of the forty-two prospective jurors in the venire were black. (*Id*. at 11.) Two of those jurors were dismissed for cause. (R&R [6] at 11.) The state used three of its nine peremptory challenges to strike the remaining three black jurors. (*Id.*) When petitioner objected, the trial court ruled that he had not made out a prima facie case of discrimination under *Batson* because the prosecutor's use of strikes was not "systematic." (*Id*.)

The Court of Appeals held that the trial court's ruling was erroneous. (*Id*.) Because the prosecutor's strikes resulted in the "total exclusion" of black jurors, the Court found that petitioner had made out a prima facie case of discrimination. (*Id*.) However, the Court noted that the prosecutor had offered the following race-neutral explanations for his strikes at the motion for new trial hearing:

6

> The prosecuting attorney testified that he struck the first prospective juror because she had children and grandchildren close in age to [Petitioner] and because her responses to questions in voir dire suggested that she was biased toward him. The second prospective juror was struck based on her belief that drinking alcohol was morally wrong (suggesting that she might be prejudiced against the victims, who had been drinking at the party) and because her uncle had been convicted of armed robbery. The third prospective juror was struck because she expressed lingering resentment against the police in connection with her arrest for driving without a license.

(R&R [6] at 11-12.) Based on the prosecutor's facially valid explanation for each strike, the Court rejected petitioner's *Batson* claim. (*Id.* at 12.)

The above ruling was not "contrary to" or "an unreasonable application" of *Batson* or any subsequent Supreme Court authority.[2] In its decision, the Georgia Court correctly identified the three-step process required under *Batson* to determine whether a strike is discriminatory:

> (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent.

(*Id.* at 10.) The Court properly corrected the trial court's error as to the first step of the process, but found in effect that the error was harmless as a result of the prosecutor's facially valid

---

[2] Petitioner does not argue that the Appellate Court's decision was based on an "unreasonable determination of the facts."

7

explanation offered in rebuttal to the prima facie case. (*Id.* at 11-12.)  Its ruling on petitioner's *Batson* claim does not authorize federal habeas relief. *See Felkner v. Jackson,* 131 S. Ct. 1305, 1307 (2011)(reversing the 9th Circuit's grant of a *Batson* related habeas claim for failure to give proper deference under the AEDPA) and *Lee v. Comm'r, Al. Dep't of Corr.,* 726 F.3d 1172, 1215 (11th Cir. 2013) (denying habeas relief on a *Batson* claim based on the prosecutor's specific and facially valid justification for the allegedly discriminatory strikes).

With respect to his specific *Batson* argument, petitioner does not cite any Supreme Court authority to support his position that the prosecution must provide a race-neutral explanation at the time of the *Batson* challenge rather than later at a motion for new trial.[3] *See Thaler v. Haynes,* 559 U.S. 43, 47 (2010)("A legal principle is 'clearly established' [for purposes of the AEDPA] only when it is embodied in a holding of this Court."). Given the trial court's ruling that there was no prima facie case of discrimination, it was reasonable to stop at the first step of the *Batson* inquiry. *See Rice*

---

[3] The hearing on the motion for new trial was conducted approximately four months after petitioner asserted a *Batson* challenge. (Tr. of Mot. for New Trial [4] at Ex. 9.) Although there was no transcript of the voir dire, it is evident from the transcript of the new trial motion that petitioner's attorney had some access to the jurors and potential jury members and was able to investigate the *Batson* claim. (*Id.* at 25-27.)

8

*v. Collins*, 546 U.S. 333, 338 (2006)(the burden shifts to the prosecutor to present a race-neutral explanation *if* the defendant makes a prima facie showing of discrimination)(emphasis added). And as Judge Brill pointed out, *Batson* itself contemplates that the prosecution would have an opportunity on remand to come forward with a race-neutral explanation for its actions at trial. (R&R [6] at 14.) Petitioner's *Batson* claims are thus without merit.

### B. *Batson*-Related Ineffective Assistance Claims

Petitioner's ineffective assistance claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson,* 595 F.3d 1245, 1249 (11th Cir. 2010). To prevail on these claims, petitioner must show that his counsel's performance was both deficient and prejudicial. *Morton v. Sec'y, Fl. Dep't of Corr.,* 684 F.3d 1157, 1166 (11th Cir. 2012). Deficient performance occurs when "'counsel's representation [falls] below an objective standard of reasonableness . . . under prevailing professional norms.'" *Id*. (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). In ruling on the deficiency prong, there is a strong presumption that counsel "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 690). To establish prejudice, petitioner must prove that there is a "reasonable probability that, but for

9

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.[4]

The state habeas court rejected petitioner's *Batson*-related ineffective assistance claims. (R&R [6] at 15-17.) At the habeas hearing, trial counsel Page Pate explained that once the trial judge ruled that there was no prima facie case of discrimination, his understanding was "that was the end of the *Batson* challenge." (*Id.* at 16.) The state habeas court considered this testimony, and noted the "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional conduct." (*Id.*) The court then held:

> Although the Georgia Court of Appeals later concluded "[Petitioner] made out a case of prima facie discrimination," at the time trial counsel made his *Batson* challenge, the trial court reached no such conclusion. Because of the trial court's finding, which failed to shift the burden of production to the State to give a race-neutral reason for the strike, trial counsel's failure to demand the State produce such reasons *anyway* was not unreasonable under the circumstances.

(*Id.*)(emphasis in original)(citations omitted). As the habeas court found that trial counsel's handling of the *Batson* issue was reasonable, it followed that appellate counsel's failure to raise a *Batson* related ineffective assistance claim was also reasonable.

---

[4] The same standard applies to petitioner's ineffective assistance of appellate counsel claims. *See Smith v. Robbins,* 528 U.S. 259, 285-88 (2000).

10

(*Id.*)

It is apparent from its order that the state habeas court correctly identified and properly applied the *Strickland* standard to petitioner's ineffective assistance claims. Petitioner does not cite any Supreme Court authority that conflicts with the decision. Nor does he argue that the decision is based on an unreasonable determination of the facts. Under the circumstances, the Court's review of the state habeas court's decision is narrowly circumscribed by the AEDPA. *Felkner,* 131 S. Ct. at 1307. Indeed, the question for the Court at this stage of the proceedings "is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Morton,* 684 F.3d at 1167. Clearly, there is. Thus, petitioner's *Batson*-related ineffective assistance claims do not provide a basis for granting federal habeas relief under § 2254.

### III. **PETITIONER'S SELF-DEFENSE ARGUMENT**

In Ground Two, petitioner argues that counsel was ineffective in failing to pursue a self-defense theory at trial and in failing to raise the self-defense issue as an ineffective assistance claim on appeal. (R&R [6] at 18-22.) As Judge Brill noted, petitioner's appellate counsel argued that the trial court's failure to *sua sponte* charge the jury on self-defense was reversible error. (*Id.* at 18.) The Georgia Court of Appeals rejected that argument, holding that

11

petitioner was not entitled to the charge based on the evidence presented. (*Id.* at 22.) In so holding, the Georgia Court of Appeals explained that "[t]he trial court was under no duty to give a charge on self-defense . . . when [Petitioner] denied drawing his knife, the act supposedly undertaken in self-defense." (*Id*. at 18.)

The state habeas court likewise rejected petitioner's ineffective assistance claims based on the self-defense argument. (*Id.* at 21.) The habeas court cited Georgia law for the proposition that:

> An affirmative defense such as self-defense admits, but seeks to justify, the commission of an act. *Scott v. State,* 250 Ga. App. 870 (2001). Therefore, if a defendant denies having committed the act, the evidence does not authorize a jury charge on self-defense. *Heaton v. State*, 214 Ga. App. 460 (1994).

(R&R [6] at 21.) In light of this legal principle, the habeas court found significant petitioner's testimony at trial that he never pulled out the knife and trial counsel's testimony at the habeas hearing that he considered self-defense as a possibility, but did not pursue the defense because petitioner "never admitted taking the knife out of [his] pocket." (*Id.*) Based on this testimony and set of facts, the habeas court concluded that trial counsel was not deficient in failing to present a theory of self-defense. (*Id.*) Again, it followed from the habeas court's ruling that appellate counsel was not deficient in failing to frame the self-defense issue

12

as an ineffective assistance claim on appeal.  (*Id.*)

In his objections, petitioner quarrels with the Georgia Court of Appeals and the habeas court's conclusion that the self-defense theory was not available under Georgia law. (Pet'r's Objs. [7] at 7-10.)  However, in support of his position, petitioner relies solely on cases that were decided after his trial and appeal were concluded. (*Id.*)  Assuming these cases support petitioner's interpretation of Georgia law, trial and appellate counsel were not unreasonable in failing to anticipate them.  *See Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)("[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop") and *Parker v. Sec'y, Fl. Dep't of Corr*., ___ Fed. App'x ___, 2014 WL 464331, at *5 (11th Cir. 2014)("an attorney cannot be deemed ineffective for failing to anticipate a later change in the law.").

As confirmed by the ruling of the Georgia Court of Appeals, the self-defense theory was not available to petitioner based on the evidence presented at his trial. (R&R [6] at 18-19.) Applying that ruling and related case law, the state habeas court held that counsel was not ineffective for failing to pursue a self-defense strategy at trial or raising a self-defense based ineffective assistance claim on appeal.  Petitioner has not demonstrated that the state habeas court's decision on the self-defense issue was "contrary to" or an

"unreasonable application of" *Strickland*. Nor has he shown that the decision was based on an "unreasonable determination of the facts" in light of the evidence presented in the case. Accordingly, Ground Two does not provide a basis for federal habeas relief under § 2254(d).

## IV.  PETITIONER'S LENITY ARGUMENT

As indicated, petitioner expressly waived any further review of the lenity argument that he pursued in Ground Three of the petition. Nevertheless, the Court has reviewed and agrees with Judge Brill's conclusions on this issue. (R&R [6] at 22-26.) The state habeas court considered and rejected petitioner's ineffective assistance claims based on the rule of lenity analysis. (*Id.* at 23-25.) Its decision reasonably applied the correct legal standards. (*Id.*) In addition, it is apparent that the rule of lenity does not apply to petitioner's case. (*Id.*) Thus, the claim asserted in Ground Three does not support relief under § 2254.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [6] and **DENIES** petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 [1]. In accordance with Judge Brill's recommendation, the Court also **DENIES** a certificate of appealability. The Court directs the clerk to **DISMISS** this action.

14

SO ORDERED, this 28th day of March, 2014.


                                    /s/ Julie E. Carnes
                                    JULIE E. CARNES
                                    CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)